

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Paul E. Budlow*  
*Assistant United States Attorney*  
*Paul.Budlow@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4917*  
*MAIN: 410-209-4800*  
*FAX: 410-962-3091*

August 21, 2024

Honorable George Levi Russell, III  
Chief United States District Judge  
District of Maryland  
101 W. Lombard St.  
Baltimore, MD 21201

      Re:    United States v. Gary Rocky Jones  
             Case #:  GLR-20-0283  
             <u>Response to Defendant's Reply</u>

Dear Chief Judge Russell:

      The government writes briefly in response to section "c" of the defendant's Reply to Government's Opposition to Defendant's Motion for a Judgment of Acquittal and a New Trial (ECF 200). Section "c" of the defendant's reply mistakenly states that the government did not respond to the defendant's request for an evidentiary hearing (*Id.* at 6), and objects to the Court's consideration of records from CDF during, and shortly after the trial in this case (I. at 6-7).

      An evidentiary hearing is unnecessary as the evidence upon which the Court can decide all relevant issues is uncontradicted and is set forth in the transcripts and the government's response. Further, the government clearly concluded its' response by asking the Court to "deny the defendant's motion *and request for a hearing*." Doc. 194 at 54. Further, although the defendant seeks an evidentiary hearing, he has provided no proffer of evidence or testimony that he seeks to admit and has identified no disputed facts to litigate.

      The defendant's objection to the Court's consideration of his medical records from CDF documenting his statements and comments regarding his attendance at trial and related matters is equally without merit. The defendant has moved for a new trial under Fed. R. Crim P. 33, raising issues relating to his competence, his refusal to attend court after the first day of trial, and his belated request for substitute counsel and for self-representation. He bases his motion almost entirely on statements made by the defendant to the Court or made by the defendant to others (either to defense counsel or representatives of the USMS) which were then relayed to the Court. Rule 33 provides that the Court "may vacate any judgment and grant a new trial *if the interest of justice so requires*." (emphasis added). Thus, the standard is for the Court to determine whether "justice so requires" a new trial. The defendant's conduct while at CDF as trial approached, during

trial, and shortly after trial is of prime relevance to any consideration of determining if "justice" "requires" the nullifying of a jury's verdict. Nothing in Rule 33 limits the scope of evidence that the Court can consider.

Additionally, the government's requesting the records from CDF in advance of the post-trial hearing (motion for new trial and sentencing) was proper. "Although Rule 17 subpoenas are generally employed in advance of trial, we see no reason why their use should not be available for post-trial motions and sentencing." *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981). In addition to the CDF records being relevant and properly considered for the defendant's motion for new trial, the records are also relevant and appropriate for the Court's consideration at sentencing. Given the defendant's conduct in court and the present litigation of the motion for a new trial, the defendant undoubtedly will argue that his history and characteristics, including his mental and physical health, are mitigating factors that he will argue should cause this Court to impose a more lenient sentence than would otherwise be imposed. The records from CDF, documenting the defendant's conduct and statements during trial, including his claims of hearing voices (either malingering or honestly believed by the defendant) are directly relevant to these issues.[1]

The Court should deny the defendant's request for an evidentiary hearing, deny the defendant's motion for new trial on the parties' submissions, and proceed to sentencing on November 20, 2024, as scheduled.

                                                    Respectfully submitted,

                                                    Erek L. Barron
                                                    United States Attorney

By: /s/ Paul E. Budlow
                                                    Paul E. Budlow
                                                    Colleen E. McGuinn
                                                    Assistant United States Attorneys

Cc:    Joseph A. Balter, Attorney for Defendant

---

[1] "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.